37 C.C.P.A.(Patents)
B. W. HARRIS MFG. CO., Inc., v. WERBER SPORTSWEAR CO.

WERBER SPORTSWEAR CO. v. B. W. HARRIS MFG. CO., Inc.

Patent Appeals Nos. 5706, 5712.

United States Court of Customs and Patent Appeals.

June 30, 1950.

Howard A. Rosenberg, New York City (W. R. Liberman, New York City, of counsel), for Harris Mfg. Co.

William F. Nickel, New York City, for Werber Sportswear Co.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

WORLEY, Judge.

These are appeals in trade-mark cancellation proceedings from the decision of the Commissioner of Patents (Daniels, Assist-

ant Commissioner), 78 U.S.P.Q. 268, reversing the decision of the Examiner of Interferences sustaining a petition of appellant (B. W. Harris Manufacturing Co., Inc.) to cancel the registration of the trade-mark "Zeroland," registration No. 417,878, owned by appellee (Werber Sportswear Co.). The cases were submitted on the same record and were briefed and argued together. Accordingly, we shall dispose of the two appeals in one decision.

■ The cancellation proceeding was initiated against two registrations of appellee, one of which had expired prior to the institution of this proceeding, namely, registration No. 186,326. The examiner, therefore, properly dismissed the petition as to that registration.

Appellant based its right of action upon prior use of its trade-mark "Zero King," as applied to fur, sheep, leather, and textile clothing—namely, coats for men, women, and children. Appellant had used its mark on its goods since September 1, 1916, and the mark was duly registered December 23, 1930, registration No. 278,514, under the Trade-Mark Act of February 20, 1905.

The trade-mark "Zeroland" was registered on November 20, 1945, for use on men's outdoor leather and cloth lined jackets and coats; men's outdoor sheep-lined jackets and coats; ladies' outdoor cloth jackets and coats; ladies' outdoor sheep-lined jackets and coats; men's and women's cloth and sheep-lined jackets, flying jackets and flying suits for outdoor and sports wear. This mark was sought to be cancelled by reason of prior use of the mark "Zero King," as applied to merchandise possessing the same descriptive properties.

In his decision, the examiner held that the marks of the parties bore such close resemblance as to be likely to cause confusion in trade.

The Commissioner of Patents disagreed with the reasoning of the Examiner of Interferences and held that the marks of the parties had different meanings and that such difference was strengthened by a prominent display of a crown in the mark "Zero King" and a pictorial suggestion of cold inherent in the mark of appellee. The commissioner further held that "While there is some similarity in sound and appearance between the words, this results only from the common use of the word 'zero,' which has a suggestive significance in connection with the products of the parties, * * *."

■ We are in agreement with the holdings of the commissioner. It is difficult for us to see how the word "zero" could be appropriated for exclusive use by any applicant with respect to clothing designed to be used in cold weather. Moreover, there is a distinct difference in sound, spelling, appearance, and meaning of the words "land" and "king."

■ Considering the marks as a whole, since the only similarity between them resides in the word "zero," we are of opinion that the clear difference in the last portion thereof, hereinbefore noted, renders the entire marks so dissimilar that likelihood of confusion will not arise in their concurrent use by the parties.

Prior to the decision of the commissioner, appellee moved that the case be remanded to the Examiner of Interferences for the taking of additional testimony to show that appellant was not chargeable with laches or acquiescence. This motion was denied by the commissioner and, in view of our conclusion, it is not necessary for us to consider this point.

For the reasons hereinbefore stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.